

140 Grand Street, Suite 7
t 914.686.1500 · f 914.

January 21, 2024

> Counsel for Oak Hill Advisors, LP and Mr. Bohnsack (the "Non-Parties") is directed to file a response to defendants' letter-motion (Doc. 41) on or before January 29, 2024. Defendants shall forthwith serve a copy of this Order on counsel for the Non-Parties and file proof of such service.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> January 22, 2024

**Via Electronic Case Filing**
The Honorable Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street, Courtroom 520
White Plains, New York 10601

Re:  *Daniel Lee v. Richard Golaszewski, et al.*, No. 7:23-cv-10695-PMH (S.D.N.Y.)

Dear Judge Halpern:

We represent defendants Richard Golaszewski and Stephen Swentzel ("Defendants") in the above-referenced action. Defendants served deposition subpoenas on Plaintiff's employer, Oak Hill Advisors, LP ("OHA"), and its President, William Bohnsack, Jr. OHA and Bohnsack failed to appear for their depositions. Pursuant to Rules 2(C) and 4(D) of Your Honor's Individual Practices in Civil Cases, we write to respectfully request a conference in advance of Defendants' anticipated motion, by order to show cause, to: (1) compel OHA and Bohnsack to appear for their depositions; and (2) award Defendants costs and reasonable attorney's fees incurred based on the discovery misconduct described herein.

## Background

Plaintiff Daniel Lee and Defendants worked together at the financial firm 17Capital LLP ("17Capital") until 17Capital terminated Plaintiff's employment because of poor performance in April 2022. Having recognized for many months prior to April 2022 that 17Capital was going terminate him for his demonstrably poor performance, Plaintiff arranged discussions with several prospective employers, including Hunter Point Capital ("HPC") and OHA. Plaintiff convinced Defendants to participate in some of these discussions. While it is undisputed that Plaintiff and Defendants had no written agreement with one another, Plaintiff maintains that when he and Defendants spoke with prospective employers, they did so as one legal partnership, not as three



individuals. That is false and supported only by Plaintiff's self-serving statements. Indeed, this case has been pending for ten months, and Plaintiff has failed to produce a single document evidencing the existence of a legal partnership.

Plaintiff's first choice for a job following 17Capital was HPC, but HPC ultimately chose not to hire Plaintiff and to hire the two individual Defendants to launch a GP solutions financing business. Thereafter, Plaintiff obtained a job at OHA to do similar work. Unable to compete with HPC in the marketplace, Plaintiff filed the instant suit claiming breach of partnership, joint venture, and fiduciary duty, and seeking to recover the money he speculates that Defendants *might* make in the future.

### OHA and Bohnsack Fail to Appear For Their Depositions

OHA and Bohnsack possess information relevant to Plaintiff's claims and Defendants' defenses. It is highly relevant what, if anything, Plaintiff did or did not tell OHA about his performance at 17Capital, his relationship with Defendants, and the claimed partnership, either during the course of the employment discussions or at any subsequent time. In addition, information regarding OHA's attempt to launch a GP financing solutions business (*e.g.* capital raised and deployed to date, projected profits, risk factors) is highly relevant because Plaintiff's speculative claim for damages seeks one third of what he thinks HPC's similar business could potentially make over the next ten years. Accordingly, on June 14, 2023, Defendants served a document subpoena (the "Document Subpoena") on OHA. On December 7, 2023, Defendants served deposition subpoenas (the "Deposition Subpoenas") on both OHA and Bohnsack. At no point did OHA and Bohnsack move for a protective order.

After the court narrowed the scope of the Document Subpoena, counsel for Defendants emailed Andrew Ehrlich, Esq. of Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel to



OHA and Bohnsack, regarding OHA's document production. OHA failed to respond. Defendants' counsel sent follow-up emails on August 28 and 30, and September 6 and 11. OHA again failed to respond, and eventually produced documents only after Defendants were forced to move to compel. OHA's disrespect for the discovery process has persisted.

On December 7, 2023, Defendants emailed the Deposition Subpoenas to Ehrlich (who agreed to accept service). The Deposition Subpoenas noticed OHA's deposition for January 18, 2024, and Bohnsack's deposition for January 19, 2024. Neither OHA nor Bohnsack served written objections. On December 14, 2023, counsel for Defendants emailed Ehrlich and his colleague: "Andrew and Connor – following up on our call on Monday. Do you have an answer from your client regarding availability for a deposition and who they might designate?" Ehrlich did not respond. Follow-up emails sent on December 18 and 20, 2023, were similarly ignored. On January 8, 2024, counsel for Defendants emailed Ehrlich: "As we have not heard back despite repeated emails, we will plan to proceed with OHA's deposition on 1/18 and Mr. Bohnsack's deposition on 1/19, per the subpoenas issued on December 7. If you'd like to discuss scheduling, please call me . . . ." Again, there was no response.

On January 18, 2024, Defendants' counsel and Plaintiff's counsel appeared for OHA's deposition. A court reporter and a videographer were also present. But OHA did not appear. Defendants' counsel emailed Ehrlich to inquire whether his client intended to show up, and whether Bohnsack would appear for his deposition the next day. Ehrlich did not respond.

The following day, Defendants' counsel and a videographer appeared for Bohnsack's deposition, with Plaintiff's counsel and a court reporter appearing by video. Minutes before the start time, Ehrlich emailed to advise that Bohnsack would not be appearing for his deposition that day: "I believe I had previously conveyed that Mr. Bohnsack will be OHA's corporate rep,



and will appear personally at a mutually agreeable date before the discovery cut off in your case.

We will provide dates later today." In turn, counsel for Defendants responded:

> Contrary to your statement below, at no time did you advise that Mr. Bohnsack would be OHA's corporate representative or provide any indication of when he would appear. As you can see from the emails below, after we spoke on 12/11, I emailed you on 12/14 inquiring as to who would be the witness and when they can appear. You ignored that email and 5 subsequent emails, including the email advising you that we would proceed with the dates in the subpoena and the email we sent yesterday morning asking whether Mr. Bohnsack would appear today.
>
> Please provide the available dates immediately so we can coordinate with plaintiff's counsel, and please confirm that OHA will pay the fees and costs associated with yesterday and today's no-show depositions. Otherwise, we will write the Court seeking to hold OHA and Mr. Bohnsack in contempt, as well as seeking our fees and costs. Moreover, if the dates you provide do not work for the parties, we intend to seek a court order compelling Mr. Bohnsack to appear on a date that is convenient for plaintiff and defendants.

Ehrlich did not respond. To date, he has failed to propose deposition dates for his clients.

### The Court Should Hold OHA and Bohnsack in Contempt and Award Fees and Costs

The Court should compel OHA and Bohnsack to appear for their depositions prior to the February 26, 2024 fact discovery cutoff, and it should award Defendants the costs and reasonable attorney's fees they incurred because of the discovery misconduct described herein.

Federal Rule of Civil Procedure 45(g) provides that the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." "[C]ourts in this district generally find non-parties in contempt upon failure to comply with a subpoena only when they also violate a court order to do so." *Jam Indus. USA, LLC v. Gibson Brands, Inc.*, No. 19 MC 508-LTS, 2020 WL 4003280, at *6 (S.D.N.Y. July 15, 2020). However, in egregious cases, courts have found contempt based solely on non-compliance with a subpoena. *See Moritz v. Town of Goshen*, No. 15CV5424 (NSR)(LMS), 2016 WL 11701300, at *2 (S.D.N.Y. July 15, 2016) (finding *prima facie* evidence of contempt where

"[t]here is no indication in the record that [the witness] attempted to comply diligently in a reasonable manner with the subpoena"); *Sprint Nextel Corp. v. Ace Wholesale, Inc.*, No. 1:12-CV-2902-JEC, 2014 WL 4308355, at *1 (S.D.N.Y. Aug. 26, 2014) (imposing contempt sanction where third party "knowingly failed to comply with the Subpoena and provided no justification for its failure"). A contempt sanction can take the form of an order both compelling compliance with a subpoena and also awarding costs and reasonable attorney's fees. *See Sprint Nextel*, 2014 WL 4308355, at *1.

Though OHA and Bohnsack are represented by extremely able counsel at Paul, Weiss, they have repeatedly demonstrated an utter disregard for their discovery obligations. Far from offering an "adequate excuse" for ignoring the Deposition Subpoenas, Ehrlich has refused to engage with Defendants' counsel. Accordingly, Defendants are forced to seek a contempt order to force OHA and Bohnsack to comply with their discovery obligations. Only a contempt order will ensure that the depositions occur prior to the February 26, 2024 fact discovery cutoff.

Accordingly, OHA and Bohnsack should be forced to show cause: (1) why they should not be compelled to appear for their depositions on dates certain; and (2) why they should not be required to pay costs and reasonable attorney's fees spent because of their discovery abuses.

Respectfully submitted,

YANKWITT LLP
*Counsel for Richard Golasweski and Stephen Swentzel*

By: _____
Russell M. Yankwitt
Jason M. Swergold
Michael H. Reed

cc:  All counsel of record;
     Andrew Ehrlich, Esq. (by mail and email)