

140 Grand Street, Suite 705, White Plains, New York 10601
t 914.686.1500 · f 914.487.5000 · www.yankwitt.com
White Plains, NY
Atlantic City, NJ

June 7, 2024

**Via Electronic Case Filing**
The Honorable Philip M. Halpern
United States District Court, Southern District of New York
300 Quarropas Street, Courtroom 520
White Plains, New York 10601

Re: *Lee v. Golaszewski and Swentzel*, No. 7:23-cv-10695-PMH

Dear Judge Halpern:

Pursuant to Rule 5 of Your Honor's Individual Practices in Civil Cases, defendants Richard Golaszewski and Stephen Swentzel respectfully submit this letter motion requesting permission to redact certain portions of their Pre-Motion Letter for Summary Judgment (the "Pre-Motion Letter") and accompanying Rule 56.1 statement (the "56.1 Statement") in the publicly filed version of these documents, and to advise the Court of materials for which third parties have requested redaction. A copy of the unredacted versions of these documents has been filed under seal for the Court's review. For the reasons set forth below, the Court should approve Defendants' requested redactions because they contain highly sensitive, proprietary information about Defendants' current business that would provide a competitive advantage to other firms operating in the same sector of the finance industry.

**A. Background**

Plaintiff alleges in the Complaint that he was i[...] Defendants to build a business focused on offering fina[...] space, often referred to as GP financing solutions. Plai[...] ("OHA") where he focuses on GP financing solutions, [...] Capital ("HPC") where they lead its GP financing solutio[...] in this case has included documents and deposition testi[...]

Application granted. The redacted documents (Doc. 59) shall remain the publicly-filed version of Defendants' pre-motion letter and Rule 56.1 Statement with responses, and the unredacted version (Doc. 58) shall remain under seal.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
June 10, 2024

their respective GP financing solutions businesses, as well as from third parties involved in this sector of the financial services industry.

Recognizing the sensitive nature of the discovery in this matter, especially given that Plaintiff and OHA, Defendants and HPC, and the third parties subpoenaed in this case are all competitors, the parties entered a Confidentiality Agreement and Protective Order that was so-ordered by the Court on February 15, 2024 (the "Protective Order"). (Dkt. No. 55). Pursuant to the Protective Order, the parties and non-parties who produced documents or were deposed were able to designate materials as "confidential" to protect from public disclosure material that "(a) constitutes a trade secret or competitively-sensitive technical, marketing, financial, business relationship, market analysis, strategic planning, proprietary, commercially sensitive, or other confidential business information; (b) is private personal information; or (c) is otherwise entitled to protection because it is not publicly known, the Producing Party ordinarily treats such information as confidential or proprietary and does not ordinarily disclose such information to others, and it is information not appropriate for public disclosure." (Dkt. No. 55 at ¶ 2).

In addition, the Protective Order also allowed the parties and non-parties to designate as "highly confidential" (and thereby attorneys eyes only) "highly sensitive business or personal information that has not been made publicly available and the production of which Counsel of Record believes in good faith would create a risk of harm to personal, commercial, financial, strategic, or business interests of the Producing Party or put the Producing Party at a material competitive disadvantage if such information were disclosed to the Party to which such information is produced." (*Id.* ¶ 3). Finally, the Protective Order provided that a party citing confidential or highly confidential material in a court filing should do so under seal until further order of the Court, and publicly file a redacted version of the party's submission. (*Id.* ¶ 6).



In reliance on the Protective Order, the parties and non-parties produced documents and gave deposition testimony that was designated as either confidential or highly confidential. Documents and testimony that were so designated are referenced in the Pre-Motion Letter and the 56.1 Statement.

**B. Applicable Law**

When a party seeks to redact or file a document under seal, a court must conduct a three-step analysis to determine whether redactions and sealing are proper. First, a court determines whether the filing is a "judicial document;" second, it determines the weight of the presumption of access afforded to the document; and third, it identifies and weighs factors "that legitimately counsel" against public access. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). Papers submitted in connection with summary judgment are judicial documents that "enjoy a strong presumption of access." *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 142 (2d Cir. 2016). Nevertheless, "[c]ourts have identified several countervailing considerations that may overcome even strong presumptions of public access," including as relevant here, "the possibility of competitive harm to an enterprise if confidential business information is disclosed." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023); *see also Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding a district court's finding that a business's "interest in protecting confidential business information outweighs [even] the qualified First Amendment presumption of public access"); *Rowe v. Google LLC*, No. 19 CIV. 8655 (LGS), 2022 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022) ("Preventing competitive harm is a countervailing interest that can override the public right of access.").



**C. Limited Redactions are Appropriate**

**1. Redactions Related to HPC's Business**

The Court should permit defendants to file a redacted version of the Pre-Motion Letter and the 56.1 Statement to protect certain highly sensitive information related to the GP financing solutions business that Defendants co-lead at HPC. In particular, Defendants should be permitted to redact three sentences on page 5 of the Pre-Motion Letter. Defendants should also be permitted to redact paragraph 41, a portion of paragraph 42, paragraph 43, paragraph 45, a portion of paragraph 46, paragraph 47, a portion of paragraphs 48 and 49, and paragraph 66 of the 56.1 Statement, as well as portions of Plaintiff's responses in the 56.1 Statement for the following reasons.

First, any information about HPC's capital raising and deployment, including current figures and comparisons to projections contained in the Model, is highly proprietary and could be utilized by HPC's competitors to harm HPC. (*See* Shah Decl. ¶ 14; *see SEC v. AT&T Inc.*, No. 21 CIV. 1951 (PAE), 2022 WL 2340452, at *3 (S.D.N.Y. June 29, 2022) (granting redactions or sealing of financial models and documents describing portions of the models); *Hanks v. Voya Retirement Insur. and Annuity Co.*, No. 16-CV-6399 (PKC), 2020 WL 5813448, at *3 (S.D.N.Y. Sept. 30, 2020) (permitting redaction of specific assumptions used in modeling). Public disclosure of such information could therefore "cause material harm to HPC's business, competitive standing, relationships with investors, and [the] ability to compete for and secure capital investments and transactions with GPs" (Shah Dec. ¶ 14.), all of which is an overwhelming basis for sealing and redactions. *See SEC v. Ripple Labs, Inc.*, 20 Civ. 10832 (AT), 2023 WL 3477552, at *5 (S.D.N.Y. May 16, 2023) (finding redactions to internal documents were proper where disclosure of underlying information "would cause material harm



to Ripple's business, competitive standing, relationships with investors, and ability to compete for and secure business partnerships and customers"). In addition, disclosure of capital raising and deployment figures would provide HPC's competitors with information about the financing solutions market that they otherwise would not be privy to, giving them a competitive advantage over HPC. (Shah Decl. ¶ 16).

Second, the Model created by HPC is highly proprietary and confidential and has not been publicly disclosed, and investments firms do not typically disclose such financial models to any third parties, including competitors. (*Id.* ¶ 8). Public disclosure of information about the Model would provide competitors with assumptions that went into the Model and HPC's internal thought process surrounding the Model, for example. (*Id.* ¶¶ 9-10; *see Julian v. MetLife, Inc.*, No. 17-CV-957 (AJN), 2021 WL 3887763, at *15 (S.D.N.Y. Aug. 31, 2021) (granting sealing of moving papers that included confidential and proprietary information, including business strategies)). Were this information publicly disclosed, it could allow HPC's competitors to use that information in marketing themselves to the same investors and GPs being targeted by HPC. (Shah Decl. ¶¶ 14-15). Thus, there is a sufficient basis to redact this information from Defendants' public filings. *See Ripple Labs*, 2023 WL 3477552, at *5 (approving redactions where public disclosure "could give counterparties 'an unfair advantage over Ripple' in future negotiations and could allow Ripple's competitors to 'leverage this information to undercut Ripple in future negotiations with Ripple's existing and prospective counterparties").

Third, in addition to the sensitive information described above, Plaintiff's responses in the 56.1 Statement refer to several other highly sensitive categories of information regarding HPC and GPFS, including (i) terms of confidential offer letters and financial proposals; (ii) excerpts from confidential communications to potential investors; and (iii) internal HPC

discussions about how it might build its GPFS business and its business strategy. For the same reasons as above, all of this information is proprietary information of HPC and highly confidential, the public discourse of which could materially harm HPC's business development and relationships with potential investors and GPs, while also providing competitors with valuable information they would otherwise not have access to.

Accordingly, for the reasons set forth above, the Court should permit limited redactions of HPC's highly sensitive business information.

**2. Redactions Requested Third Parties**

Defendants do not take a position on whether any other portion of the 56.1 Statement should be redacted. Nevertheless, Defendants have met and conferred with counsel for Plaintiff, 17Capital, OHA, and HPS Partners regarding information in the 56.1 Statement drawn from documents or deposition testimony of Plaintiff and these third parties. Based on those discussions, and pursuant to Paragraph 6 of the Protective Order, Defendants have also redacted the following sections of the 56.1 Statement: (i) an excerpt of paragraph 37 and Plaintiff's response thereto, at the request of HPS Partners; (ii) portions of paragraphs 52 and 53, at the request of 17Capital; and (iii) paragraph 64, at the request of OHA.

**D. Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court approve Defendant's request to redact: (i) three sentences on page 5 of the Pre-Motion Letter, and (ii) paragraph 41, a portion of paragraph 42, paragraph 43, paragraph 45, a portion of paragraph 46, paragraph 47, a portion of paragraphs 48 and 49, and paragraph 66 of the 56.1 Statement; and (iii) portions of Plaintiff's responses in the 56.1 Statement.



                                                              Respectfully submitted,

YANKWITT LLP
*Counsel for Richard Golaszewski and Stephen Swentzel*

By: _/s/ Russell M. Yankwitt_________
Russell M. Yankwitt
Jason M. Swergold
Michael H. Reed

cc: All counsel of record